UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW CHRISTIAN,

           Plaintiff,

— against —

CITY OF NEW YORK and POLICE OFFICERS JOHN DOE 1 & 2, EACH IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

           Defendants.

14 CV 8993

Civ. Action No.:

JUDGE FORREST

COMPLAINT

JURY TRIAL DEMANDED



Plaintiff Matthew Christian, by his attorneys, Galluzzo and Johnson LLP, for his Complaint against Defendants City of New York and Police Officers John Doe 1 & 2, employed by the New York City Police Department, upon personal knowledge and upon information and belief, alleges as follows:

### NATURE OF THE ACTION

1. This is an action against the aforementioned police officers, and their employer, the City of New York, for personal injuries and loss of income among other things, arising out of their assault, battery, false arrest, false imprisonment of him, and their violation of Plaintiff's civil rights.

### PARTIES

2. Plaintiff Matthew Christian is a natural person who resides in Brooklyn, New York (Kings County).

3. Defendant City of New York is, and was at the time of the incident giving rise to this action, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York. At all times relevant to the action, Defendant City of New York

employed the remaining Defendant Police Officers in connection with its control, operation, and maintenance of the New York City Police Department.

4. At all relevant times, herein, Defendant Police Officers John Doe 1 & 2 were police officers employed by the New York City Police Department and were acting in the capacity of agents, servants, and employees of the City of New York, whose true full names are unknown.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367.

7. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

8. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b)(1), b(2) and (c) as a substantial part of the events or omissions giving rise to the claim occurred in the County of New York which is located in the Southern District of New York and in that New York City resides for venue purposes within the Southern District of New York.

## PROCEDURAL REQUIREMENTS

9. This is an action for psychological injuries, loss of income, and violation of Plaintiff's Constitutional rights, sustained by Plaintiff arising out of actions perpetrated by Defendants on June 13, 2013.

10. Plaintiff hereby commences this action within three years of the date of the accrual of the action.

## FACTUAL ALLEGATIONS

11. Plaintiff is a classically trained violinist who earns income by performing music on his violin in public places in New York.[1]

12. On June 13, 2013, at approximately 4:00 PM, Plaintiff began playing his violin on the platform of the subway station located near 81st Street and the Museum of Natural History in Manhattan.

13. As he was performing on the platform, Plaintiff's back was very close to the wall furthest from the subway tracks; he was in no way impeding the flow of pedestrian traffic on the platform.

14. Plaintiff's violin case was open and on the ground next to him in close proximity to the aforementioned wall. Plaintiff was not actively soliciting donations from pedestrians or passers-by or engaging them in conversation of any sort; he was merely playing his violin and people that appreciated his performance were dropping money in his violin case from time to time.

15. At approximately 5:30pm, as Plaintiff was performing his music, two police officers from the New York City Police Department ("John Does 1 & 2") approached him and told him in substance: "Get out of here."

16. Plaintiff politely explained to Police Officer John Does 1 & 2 that Metro Transit Authority ("MTA") rules did in fact permit him to play music on the subway platform. Ever prepared for such an encounter, Plaintiff even volunteered to show them a pamphlet produced by the MTA that explained, in explicit detail, that the MTA rules permit musicians to perform on subway platforms and even accept donations for their performances.

---

[1] These sorts of musicians that earn income by performing publicly are sometimes referred to as "buskers".

17. Plaintiff's positioning, conduct, and performance were at all times completely in compliance with these rules promulgated by the MTA concerning artistic performances and the acceptance of donations within the subway system.

18. Nevertheless, Police Officers John Doe 1 & 2 immediately put handcuffs on Plaintiff against his will and without probable cause to believe that he had committed a crime. They then forcibly escorted Plaintiff from the subway station and took him to a nearby police precinct for arrest processing.

19. After arresting Plaintiff, Police Officers John Doe 1 & 2 false and deliberately communicated false information about the facts and circumstances surrounding Plaintiff's arrest with the goal of inducing Manhattan prosecutors to initiate a criminal prosecution against him in court. In fact, prosecutors did initiate a criminal case against Plaintiff as a result of these knowing and deliberate misrepresentations made by Police Officers John Doe 1 & 2.

20. During his arrest processing at the precinct, Plaintiff's person was searched against his will, his property was taken from him (including an expensive violin), and his liberty was restricted for many hours against his will. Eventually, the police officers delivered him to Midtown Manhattan Community Court.

21. Plaintiff was arraigned the next day (June 14, 2013) in Midtown Manhattan Community Court on a misdemeanor complaint charging him with various crimes relating to soliciting donations and blocking traffic pursuant to NYC RR §§ 1050.6 and 1050.7. All of these allegations were false however.

22. From the time of his initial false arrest and imprisonment by Police Officer John Does 1 & 2 until his release from custody following his arraignment the next day, Plaintiff's

4

liberty was restricted against his will for a total of approximately eighteen (18) or nineteen (19) hours.

23. Ultimately, on the next court appearance in connection with this criminal case, the matter was disposed of with an adjournment in contemplation of dismissal ("ACD"). The charges were later dismissed and sealed without any criminal conviction whatsoever.

24. As a result of this false arrest and false imprisonment of Plaintiff by the Defendants, Plaintiff lost on at least two days worth of income and was deterred from pursuing a lawful livelihood for fear of additional false arrests and violations of his constitutional rights.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

### As Against All Defendants

25. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment, among other violations to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. 1983.

27. The actions of Defendant Police Officer John Does 1 & 2, and the Defendant City of New York, acting under color of law in falsely imprisoning, detaining, and assaulting Plaintiff, were intentional, malicious, done with a reckless disregard for the natural and probable consequences of their acts, without lawful justification, were designed to and did cause mental, physical and emotional harm and suffering, and deprived the Plaintiff of his Constitutional rights including, but not limited to, his rights under the Fourth and Fourteenth Amendments

guaranteeing due process, freedom from unlawful searches and seizures, right to fair trial and equal protection under the law, and Title 42 U.S.C. 1983, et seq.

28. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 & 2, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York, and while acting under the color of state law.

29. The actions taken by Defendant Police Officers John Doe 1 & 2 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FALSE ARREST – 42 U.S.C. § 1983

### As Against All Defendants

30. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. On June 13, 2013, Defendant Police Officers John Doe 1 & 2 intentionally arrested and confined Plaintiff without probable cause and without his consent.

32. Defendant Police Officers John Doe 1 & 2 caused injuries to Plaintiff, including psychological injuries.

33. Defendant Police Officers John Doe 1 & 2 took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

34. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 & 2, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

35. The aforementioned actions taken by Defendant Police Officers John Doe 1 & 2 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### FALSE IMPRISONMENT – 42 U.S.C. § 1983

36. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. On June 13, 2013, Defendant Police Officers John Doe 1 & 2 intentionally caused Plaintiff to be imprisoned and confined at jails and detention centers operated and controlled by Defendant City of New York.

38. Defendant Police Officers John Doe 1 & 2 did not have probable cause or other justification to imprison and confine Plaintiff.

39. Plaintiff did not consent to the aforementioned imprisonment and confinement.

40. As a result of the imprisonment, Defendant Police Officers John Doe 1 & 2 caused injuries to Plaintiff.

41. Defendant Police Officers John Doe 1 & 2 took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

42. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 & 2, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

43. The aforementioned actions taken by Defendant Police Officers John Doe 1 & 2 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## MALICIOUS PROSECUTION – 42 U.S.C. § 1983

44. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. On June 13, 2013, Defendant Police Officers John Doe 1 & 2, intentionally and knowingly communicated false information to Manhattan prosecutors concerning Plaintiff's behavior on June 13, 2013, and the circumstances of Plaintiff's arrest.

46. Said false communications to the prosecutors were made knowingly and maliciously and with the intent that criminal proceedings should be initiated in court against Plaintiff.

47. As a result of said false and deliberate communications to the prosecutors, a criminal case was indeed initiated against Plaintiff.

48. Said criminal case against Plaintiff was ultimately terminated in his favor with a dismissal of all criminal charges.

49. The Actions taken by Defendant Police Officers John Doe 1 & 2 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

8

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendants, jointly and severally, for damages for the following relief:

    a. compensatory damages against Defendant's, jointly and severally, in an amount to be determined at trial, with pre- and post-judgment interest;

    b. attorneys' fees and the costs of the instant action, including all costs incurred herein;

    c. punitive damages;

    d. such other and further relief as the Court deems proper and fair.

Dated: New York, New York
       October 21, 2014

GALLUZZO & JOHNSON LLP

_____
Matthew J. Galluzzo
*Attorneys for Plaintiff Matthew Christian*
Galluzzo & Johnson LLLP
48 Wall Street, 11th Floor
New York, New York 10005
Tel: 212.918.4661

9